UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO BLADIMIR ALFARO-RAMIREZ,<br><br>        Petitioner,<br><br>    v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIIELD OFFICE, et al.,<br><br>        Respondents. | Case No. 24-cv-00817-RFL (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 2, 3 |

# INTRODUCTION

Francisco Bladimir Alfaro-Ramirez seeks federal habeas relief from his detention in an immigration facility in McFarland, California, which lies in the Eastern District of California. The petition should be filed in the Eastern District because that is the district in which petitioner is housed and wherein his immediate custodian sits. Accordingly, the petition is DISMISSED without prejudice to Alfaro-Ramirez filing a petition in Eastern District in which he names his immediate custodian as respondent.

# BACKGROUND

Alfaro-Ramirez states he is being held in the Golden State Annex (GSA) in McFarland, California, which lies in the Eastern District of California, pending removal proceedings. (Pet., Dkt. No. 1 at 1.) He names as respondents Alejandro Mayorkas, the Secretary of Homeland Security; Merrick Garland, the Attorney General of the United States; Moisos Becerra, the Field Office Director of ICE "with administrative jurisdiction

over Petitioner's case"; and Minga Wofford, the warden of the Golden State Annex, a private facility working under contract with the Government. (*Id.* at 3-4.) He asks for release or an order directing immigration authorities to hold a bond hearing. (*Id.* at 2.)

## DISCUSSION

The sole proper respondent here is the person who is Alfaro-Ramirez's immediate custodian, Minga Wofford, the warden of the Golden State Annex where he is held. Courts have long and routinely applied a straightforward, bright-line rule that habeas petitions challenging ongoing physical confinement must be brought against the warden of the facility where the petitioner is held. The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. Any order granting a habeas petition "shall be directed to the person having custody of the person detained." *Id.* § 2243. For over a century, the United States Supreme Court has consistently interpreted those provisions of the habeas statute to refer to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Accordingly, when a petitioner challenges ongoing physical confinement in a detention facility, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* "[T]he proper respondent is the person responsible for maintaining—not authorizing—the custody of the prisoner." *Id.* at 440 n.13.

The warden who has day-to-day control of the petitioner is the sole proper respondent, even if that warden does not have the legal authority to decide whether to keep the petitioner detained. In *Padilla*, the Supreme Court emphasized that "there is generally only one proper respondent to a given prisoner's habeas petition": the person with "day-to-day control over [the petitioner's] physical custody." *Id.* at 434, 439. The Court rejected the notion that an individual may be named as a respondent because they

2

"exercise[] legal control" over the prisoner. *Id.* at 439. Instead, "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Id.* That is because "the proper respondent is the person responsible for maintaining—not authorizing—the custody of the prisoner." *Id.* at 440 n.13.

The facts of *Padilla* are instructive. There, the petitioner was an alleged enemy combatant who was being held in a military brig in Charleston, South Carolina, in connection with the investigation into the September 11 attacks. *Id.* at 431-32. The Supreme Court held that the proper respondent in that case was the military brig's commander, Melanie Marr, *id.* at 439, who was "the equivalent of the warden at the military brig," *id.* at 436. Defense Secretary Donald Rumsfeld was not a proper respondent, even if "only [the Secretary]—not Commander Marr—could inform the President that further restraint of Padilla as an enemy combatant is no longer necessary." *Id.* at 439 n.12 (citation omitted). Rather, Commander Marr was the sole proper respondent because she had "day-to-day control over Padilla's physical custody." *Id.* at 439.

Although *Padilla* left open the question of whether its holding would apply to habeas petitions filed by immigration detainees, *id.* at 435 n.8, there is no principled basis to distinguish habeas petitions challenging immigration detention from those challenging criminal custody. The Ninth Circuit recognized as much in *Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020). There, the Ninth Circuit construed an immigration detainee's challenge to his detention as a habeas petition, and then transferred that petition to the Southern District of California, where the detainee was being held. *Id.* at 759-60. In so holding, the court quoted Padilla's statement that "[t]he plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 760 (quoting *Padilla*, 542 U.S. at 443); *see also Thompson v. Barr*, 959 F.3d 476, 491 (1st Cir. 2020) (citing *Lopez-Marroquin* and *Padilla* in construing

3

immigration detainee's emergency motion for bail as a habeas petition and transferring it to the district of confinement). Immigration detainees present the same type of "core" habeas challenge as petitioners challenging their imprisonment due to a criminal conviction. In both situations, the petitions are "at bottom a simple challenge to physical custody imposed by the Executive—the traditional core of the Great Writ." *Padilla*, 542 U.S. at 441. In that context, there is no "basis for a departure from the immediate custodian rule." *Id.*; *see also Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006) (immigration detainee's "habeas challenge is fundamentally no different from the typical 'core' challenge described in Padilla, in which a prisoner seeks release from present physical confinement"); *Vasquez v Reno*, 233 F.3d 688, 693 (1st Cir. 2001) ("In terms of identifying a proper custodian, there is no principled distinction between an alien held in a detention facility awaiting possible deportation and a prisoner held in a correctional facility awaiting trial or serving a sentence."); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 436, 444-46 (3d Cir. 2021) (applying *Padilla*'s immediate custodian rule to habeas petition challenging immigration detention).

    Despite this clear and consistent rule, a split has developed in this District concerning whether the warden is a proper respondent when that individual is the employee of a private contractor rather than a federal official. *Compare Doe v. Beccerra*, No. 23-cv-04767, 2023 WL 8307557, at *3 n.1 (N.D. Cal. Dec. 1, 2023) (collecting cases holding that an immigration detainee may name FOD Becerra rather than the warden of the GSA as the habeas respondent), *with Rivera-Trigueros v. Becerra*, No. 23-CV-05781, 2024 WL 1129880 (N.D. Cal. Mar. 14, 2024) (holding that the only proper respondent in a habeas petition challenging immigration detention at GSA was the warden of GSA); *Byron H.E. v. Beccera*, No. 24-CV-00564-VKD, 2024 WL 1596675 (N.D. Cal. Apr. 11, 2024) (same).

    As detailed in *Rivera-Trigueros v. Beccera*, this Court respectfully disagrees with creating an exception to the longstanding traditional rule for wardens of private facilities.

4

Such an exception is contrary to Ninth Circuit authority. In *Brittingham v. United States*, the Ninth Circuit rejected the notion that a different respondent should be named merely because the warden was not a federal official. 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). There, the federal government had contracted with Alameda County Jail to hold federal prisoners awaiting transport to the Federal Bureau of Prisons. *Id.* The Ninth Circuit held that, when a federal prisoner held in Alameda County Jail brought a habeas petition, the proper respondent "was the warden of the facility where he was confined." *Id.* It did not matter that the respondent was not a federal official or lacked the authority to release the prisoner without authorization from the federal government. *Id.* (citing another case in which the "Parole Commission is not [the] custodian [to be named as respondent] despite its power to release petitioner"). Although the Ninth Circuit's analysis in *Brittingham* is brief, its holding that the warden of the county jail was the proper respondent despite not being a federal official is binding precedent. *See Padilla*, 542 U.S. at 435 (citing *Brittingham* with approval for the proposition that the "default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

Those district courts that have carved out an exception to the traditional rule for wardens of private facilities have expressed two principal concerns: (1) that a warden who is not a federal official is poorly positioned to defend the federal interest in a detainee's ongoing detention; and (2) that a warden who is not a federal official lacks legal authority to release the petitioner or to act promptly on whatever relief the court might order. *See*, *e.g.*, *Doe*, 2023 WL 8307557, at *4-5. Neither of those concerns, however, provides a basis to distinguish *Brittingham*, because both concerns apply equally to a warden of a county jail. The warden of a county jail is no better situated to defend the federal interest in the detention of federal prisoners than the warden of a privately run facility. And the warden of a county jail possesses as much authority as the warden of a privately run facility to detain, release, or transport a federal prisoner who is

being held solely by virtue of a contract with the federal government. There is no principled distinction between the state official in *Brittingham* and the private contractor at the GSA.

Indeed, it is difficult to understand how the GSA warden is differently situated even from a warden in a traditional habeas case. In a traditional case where a prisoner challenges their detention in state prison, the warden does not typically have the legal authority to decide to release the prisoner on the warden's own initiative. Moreover, "in a state prisoner habeas petition, a common form of relief is release conditioned on failure to retry the defendant, or otherwise cure the constitutional errors. But the warden of the prison or head of the department of corrections generally has no ability to retry a defendant, or re-extend a plea agreement, or resentence the defendant." *Sidhu v. Wolf*, No. CV201189, 2020 WL 8458857, at *10 (D. Ariz. Dec. 17, 2020), report and recommendation adopted, No. CV-20-01189, 2021 WL 118539 (D. Ariz. Jan. 13, 2021). Nor do wardens of state prisons in traditional habeas cases have any particular interest in which petitioners remain in custody, or in preserving the finality of the criminal judgment at issue.

The GSA warden, like a state warden in a traditional habeas case, can turn to the government entity on whose behalf the petitioner is held to assert the government's interests in the case. "If the warden [of an immigration detention facility] with custody is brought into the proceeding, he can turn to those who have given him custody to appear on his behalf to defend his custody, just as wardens in criminal habeas cases do. . . . [T]he interested parties are left dependent upon their agent, the warden, to provide them notice of the proceeding and an opportunity to defend." *Id.* at *11. Indeed, the federal government in practice can and does represent wardens of privately run facilities in habeas cases, even where they are the sole respondents and no federal respondent is named. *See, e.g., Freire v. Terry*, 756 F. Supp. 2d 585, 585 (S.D.N.Y. 2010) (U.S. Attorney's Office represented warden of ICE contract facility against habeas petition

challenging immigration detention); *Hilario-Paulino v. Pugh*, No. CV 305-138, 2006 WL 156864, at *1 (S.D. Ga. Jan. 13, 2006), aff'd, 194 F. App'x 900 (11th Cir. 2006) (U.S. Attorney's Office represented warden of private correctional facility under contract with Federal Bureau of Prisons in habeas petition). Likewise, when wardens of contract facilities are named alongside federal respondents in habeas petitions challenging immigration detention, the federal government has represented both. *See, e.g., Pujalt-Leon v. Holder*, 934 F. Supp. 2d 759, 759, 766-67 (M.D. Pa. 2013). And even where the federal government does not represent such wardens, it could simply intervene if it did not believe that its interests could be properly defended. Fed. R. Civ. Proc. 24 (allowing the federal government to intervene if its interests are not adequately represented or the matter challenges its administration of a law or its issuance of an order). Presumably, the federal government is aware of these options, and would not be asking this Court to require petitioners to name the GSA warden as the respondent if the United States did not believe it could properly protect its interests upon a grant of its motion. There is no clear reason to treat the warden of the GSA differently than a warden of a state prison in a traditional habeas case.

  Crafting a special exception for wardens of private facilities undermines the text, structure, and purpose of the habeas statute. The plain text of section 2242 describes only one proper respondent: "the person who has custody over" the petitioner. 28 U.S.C. § 2242 (emphasis added). Likewise, section 2243's plain text directs that an order granting a writ "shall be directed to the person having custody of the person detained." *Id.* § 2243 (emphasis added). The text does not require that the person be a "federal official" or even a "government official." Moreover, the text is phrased in the singular, indicating the warden as the lone proper respondent. Nor does the text "indicate that a petitioner may choose from among an array of colorable custodians." *Vasquez*, 233 F.3d at 693. The structure of the habeas statute confirms that there is only one district in which a petition can be brought—the district of confinement—again reflecting the notion that the

sole proper respondent is the warden of the facility where the petitioner is confined. Congress limited district courts to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). That language was added to the habeas statute in 1867 "to avert the 'inconvenient and potentially embarrassing' possibility that 'every judge anywhere could issue the Great Writ on behalf of applicants far distantly removed from the courts whereupon they sat.'" *Padilla*, 542 U.S. at 442 (alterations omitted) (quoting *Carbo v. United States*, 364 U.S. 611, 617 (1961)). To avoid that danger, section 2241(a) has been interpreted to require that habeas petitions are "issuable only in the district of confinement." *Id.* (quoting *Carbo*, 364 U.S. at 618). The habeas statute is replete with references to there being only one district in which actions can be brought. *See* 28 U.S.C. § 2242 (requiring a petition to an appellate court to "state the reasons for not making application to the district court of the district in which the applicant is held" (emphasis added)); *id.* § 2241(b) (an appellate court "may decline to entertain an application for a writ of habeas corpus and may transfer the application . . . to the district court having jurisdiction to entertain it" (emphasis added)); *see also* Fed. R. App. Proc. 22(a) (an "application for a writ of habeas corpus must be made to the appropriate district court" (emphasis added)). The structure of the habeas statute does not contemplate petitioners naming as respondent a federal official hundreds of miles away in another judicial district. The purpose of these statutory provisions further counsels against creating an exception to the traditional rule. At bottom, the rule requiring petitioners to "name [their] warden as respondent and file the petition in the district of confinement . . . serves the important purpose of preventing forum shopping by habeas petitioners." *Padilla*, 542 U.S. at 447. The traditional rule allows only one possible forum for a habeas petition and avoids a situation of overlapping federal jurisdiction between different district courts. Moreover, it is a bright-line rule, rooted in the most straightforward interpretation of the statute, that is easily applied across a variety of situations. "The immediate custodian rule effectuates section 2243's plain meaning and gives a natural,

commonsense construction to the statute. As an added bonus, the rule is clear and easily administered." *Vasquez*, 233 F.3d at 693. By contrast, creating a special exception for wardens of private facilities opens up a confusing multitude of potential respondents. Petitioners are forced to engage in a fact-intensive inquiry to determine which federal officials have sufficient control over the privately run facility to be named as a respondent. Is the proper respondent the federal official who sits hundreds (or thousands) of miles away but has negotiated the government contract for the facility? Or is it the one who has the day-to-day interactions with and supervises the private contractor that runs the facility? Or is it the supervisor who oversees enforcement operations, and therefore detention facilities, in that region? Or could all three of those officials be named as respondents? If all three could be named, that would be an invitation for rampant forum-shopping, with petitioners strategically naming the federal official who happens to sit in the jurisdiction that they believe to be most friendly. On the other hand, if only one of those federal officials is the correct respondent, that is an invitation to wasteful and pointless litigation. Petitioners ordinarily have very little access to information about the inner workings of the federal government's negotiations with private contractors, or its oversight of those contractors, particularly if petitioners are not represented by counsel, as is the case for many habeas petitioners. Would courts need to authorize jurisdictional discovery to allow petitioners to determine which official to name as respondent? The pointless litigation surrounding which respondent should be named would invite the very "inconvenience, expense, and embarrassment Congress sought to avoid" by requiring habeas petitions to be filed solely in the district of confinement. *Padilla*, 542 U.S. at 447.

## CONCLUSION

The petition is DISMISSED without prejudice to Alfaro-Ramirez filing a petition in the Eastern District in which he names as respondent his immediate custodian, Minga Wofford, at the Golden State Annex.

Alfaro-Ramirez's motion to proceed in forma pauperis is GRANTED. (Dkt. No.

2.)  His motion for the appointment of counsel is DENIED without prejudice to filing such a motion in his Eastern District suit.  (Dkt. No. 3.)

The Clerk shall terminate Docket Nos. 2 and 3, enter judgment in favor of respondents, and close the file.

**IT IS SO ORDERED.**

**Dated:**  April 29, 2024

_____
RITA F. LIN
United States District Judge